[Civ. No. 2449. First Appellate District.—September 21, 1918.]

## D. C. BROWN, Respondent, v. JAMES A. LEE et al., Appellants.

TRUSTEE—ACTION FOR SERVICES—ACCOUNTING.—In this action to recover for services rendered by one who during the minority of the defendants had collected and disbursed the monthly allowance made by the probate court through the guardian of their estates, and also rents, profits, and sales moneys, and had also paid taxes, insurance, and repairs, it is held that the plaintiff was not bound by an account rendered by the guardian of the minors.

ID.—COMPENSATION.—In such case the plaintiff was entitled to the same compensation for his services as an executor.

ID.—PLEADING—ANSWER DEMANDING ACCOUNTING.—An answer in such case setting up as an affirmative defense that the plaintiff had received and expended large sums of money for the defendants, that an accounting had been asked and not rendered, and praying for a complete and full accounting, was tantamount to a cross-complaint for an accounting.

APPEAL from a judgment of the Superior Court of San Mateo County. George H. Buck, Judge.

The facts are stated in the opinion of the court.

N. E. Wretman and Houghton & Houghton, for Appellants.

E. S. Bell, B. M. Jackson, and Michael Brown, for Respondent.

STURTEVANT, J., *pro tem.*—This is an action brought by the plaintiff to recover for services rendered. The plaintiff had judgment in the lower court, the defendants appealed therefrom, and have brought up a bill of exceptions containing a part of the evidence. The defendants contend that the services rendered, if any, were the services of a trustee, and that no recovery should have been had till the plaintiff rendered to the defendants an account of his stewardship. To ascertain the exact questions presented and how they arise, it is necessary to consider the following facts: On February 20, 1908, the Central Trust Company was appointed guardian of the estates of the defendants, who were at that time minor

orphans. On May ——, 1910, P. J. Foote was appointed guardian of the persons of the defendants. September ——, 1910, the probate court made a monthly allowance of $75 per month in favor of each minor. Commencing on that date, the plaintiff received for the defendants the allowance money and continued to receive it during the life of the probate order. Both minors attained their majorities October 18, 1911. The Central Trust Company rendered its final account February 19, 1912. The plaintiff thereafter collected not only the said allowances, but also the rents, profits, and sales moneys; and expended moneys necessary to cover the personal expenses of the defendants and paid the taxes, insurance, and repairs on the properties of the defendants. These relations continued till about April 1, 1914. On that date a disagreement arose between the parties and this action followed. The plaintiff framed his complaint into two counts: In the first one he claimed $4,789.38 as a balance upon a mutual, open, and current account for moneys expended between September 1, 1910, and April 1, 1914; and in the second count, he claimed six thousand dollars for services rendered "as fiscal agent for the defendants," within two years prior to June 8, 1914. The defendants answered by interposing proper denials as to each count and by alleging, among other things, that the defendants were minors prior to October 18, 1911; that a guardian of their persons was appointed April ——, 1910; that the Central Trust Company was appointed guardian of their estates on February 29, 1912; that before the commencement of this action the plaintiff received for the account of the defendants large sums of money totaling over fifty thousand dollars; that during the same time the plaintiff had expended large sums in behalf of the defendants; that the defendants had asked an accounting and none had been rendered. The defendants then prayed that the plaintiff be required to make a full and complete accounting of all of his transactions and for general relief. The trial court made findings: (1) against the plaintiff on his first count; (2) in favor of the plaintiff on his second count, and (3) in favor of the plaintiff on the affirmative defense. The trial court excluded proof of, and found against the plaintiff on his first count, because an account had been rendered and settled in the probate court on the application of the Trust Company. At first glance these rulings would seem to be in favor of the appellants.

But, on close consideration, we think the rulings had a double effect. The plaintiff was not bound by the account rendered by the Trust Company. He was not chargeable with the allowance moneys until he received them. Having received moneys for the account of these defendants, the plaintiff should have been charged therewith; later he should have accounted therefor; and he was entitled to be compensated for all moneys for which he had so accounted. And, conversely, these defendants were bound to bear such burdens, but at the same time they were entitled to be confronted with proper accounts, vouchers to support the same, and to be paid any balance that might be ascertained to be due them.

As the record stands, the merits or demerits of plaintiff's first count have not been ascertained from the point of view of either the plaintiff or the defendant.

The second count was tried on the theory that it presented the whole controversy between the parties litigant. But it will be noted that the pleading, by its express terms, was limited to the period described as "within two years prior to June 8, 1914." This allegation split the plaintiff's cause of action.

When, prior to October 18, 1911, such moneys were paid by the Trust Company, it is conceded by both litigants that this plaintiff received and disbursed the same, but that he has not since accounted for the same. Neither has he accounted for moneys received after the Trust Company rendered its account. He wrote out such a paper, but his counsel told him not to deliver it, and they did not even offer to bring it forward on the trial, although the defendants were constantly demanding the same.

The trial court allowed the plaintiff two thousand five hundred dollars for his services. He was entitled to the same compensation as an executor. (Civ. Code, sec. 2274; Code Civ. Proc., sec. 1618.) He received and can probably account for about thirty thousand dollars. Measured by the provisions of section 1618 of the Code of Civil Procedure, his compensation would have been about one thousand dollars. It appears that he has already received one thousand eight hundred dollars as compensation, and, as the record now stands, he has apparently been overpaid.

The affirmative defense was tantamount to a cross-complaint for an accounting. (1 Ency. Pl. & Pr. 98, 99; 1 C. J. 633–

635.)   The accounting should have been had for the whole period from September ——, 1910, till April 1, 1914.   After the accounting had been had, the account would have shown on its face (1) whether the balance for the whole period was in favor of the plaintiff or in favor of the defendants; (2) the ultimate facts on which the trial court could have estimated the plaintiff's claim for services, and (3) the dimensions of the book account relied on by the plaintiff in his first count.   As the case must go back for a new trial, we think it advisable to suggest that each party be allowed to so amend his pleadings as he may be advised.   The judgment is reversed.

Lennon, P. J., and Beasley, J., *pro tem.,* concurred.